IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD FAY BROWN                                                     PLAINTIFF

        v.                           Civil No. 08-2102

STATE OF ARKANSAS, Circuit
Court Judicial System (Prosecutor's
Office); CITY OF FORT SMITH,
ARKANSAS; SEBASTIAN COUNTY,
ARKANSAS; CORPORAL HICKS,
Sebastian County Adult Detention
Center; CRAIG MANUS, Parole Officer,
Department of Community Corrections;
DETECTIVE SAMSON, Fort Smith
Police Department; LEROY BROWNLEE,
Chairman, Arkansas Parole Board                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ronald Fay Brown (hereinafter Brown) filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Before the undersigned is the issue of whether the complaint should be served.

**Background**

Brown alleges that in 2002 he was convicted of three counts of criminal conspiracy to manufacture, possess, and deliver a controlled substance and sentenced to ten years of imprisonment with three years suspended. While Brown was housed in the Sebastian County Adult Detention Center (SCADC), he indicates he met Corporal Hicks.

According to Brown, every time Hicks had an opportunity to do so he violated Brown's rights. Brown maintains Hicks would single Brown out by searching his cell and belongings simply because he could do so. Brown asserts Hicks did not care for him.

When Brown was at the SCADC in 2005 and 2006 on a parole violation, he alleges Hicks told his parole officer, Craig Manus, that he was caught on camera masturbating out in the main hallway. Brown states no incident report was prepared and he was not disciplined or reprimanded. He indicates only Hicks saw this and instead of reporting it to jail personnel he reported it to Manus. Manus allegedly went to review the jail cameras regarding the incident and never returned to talk to Brown about it.

In 2007 when Brown returned to the SCADC from prison, he indicates Hicks immediately placed him in the "hole" upon his arrival. He states he was not given a reason for being placed in the hole, was not being disciplined for any reason he knew, and remained in the hole until his return to prison.

Sometime in 2007, he indicates he went to the SCADC to visit his brother and was initially told by Hicks that he was on his brother's visitation list. After waiting forty-five minutes to an hour, he indicates he was told he could not see his brother because he was not on his list.

Now as a result of continued harassment by Hicks and Manus, he states he has to register as a sex offender. Brown states Detective Samson came by his house and ordered him to come to the Fort Smith Police Department and register as a sex offender.[1] Brown states he was charged in 1990 with promoting prostitution, case number 1990-655 out of Sebastian County. He maintains this was not a sex offense and the charge occurred prior to the passage of the Sex Offender's Registration Act.

---

[1] We note in a motion to amend his complaint, Brown alleges he was made to register as a sex offender while incarcerated at the Arkansas Department of Correction, Wrightsville Unit. He also alleges he underwent assessment by the Sex Offender Screening & Risk Assessment Program (SOSRA) while at the Wrightstville Unit. All of these activities occurred in the Eastern District of Arkansas and the individuals involved in the registration and assessment were not named as defendants in the original complaint and are all located within the Eastern District of Arkansas.

**Discussion**

Many of Brown's claims are subject to dismissal. First, Brown's claims stemming from events that occurred in 2002 and prior to September 19, of 2005 are subject to dismissal. These events occurred more than three years before the filing of this complaint and are barred by the applicable statute of limitations. A three year statute of limitations applies to § 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)(in § 1983 actions courts should apply the state statute of limitations applicable to personal injury torts); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992) (personal injury action in Arkansas governed by three-year statute of limitations); *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir.1991) (statute of limitations in Arkansas for § 1983 action is three years).

Second, Brown's claims against the State of Arkansas Circuit Court Judicial System are subject to dismissal. "[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001). Additionally, a state court and its members are immune from a suit for damages for judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).

Third, Brown's claims against Leroy Brownlee, Chairman of Arkansas Parole Board, formerly the Arkansas Post Prison Transfer Board, are subject to dismissal. The Parole Board is a state agency created by the Arkansas General Assembly. Ark. Code Ann. § 16-93-201 (2006). Its members are appointed by the governor and confirmed by the senate. *Id.* As such,

Brown's claims against Brownlee are the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes these claims. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Finally, Brown's claims against Craig Manus, his parole officer, are subject to dismissal. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

## Conclusion

I therefore recommend that the following claims be dismissed: all claims against the State of Arkansas Circuit Court Judicial System; all claims stemming from events that occurred prior to September 18, 2005; all claims against Craig Manus; and all claims against Leroy Brownlee. These claims should be dismissed on the grounds the claims are frivolous, seek damages from immune defendants, and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

This leaves for later resolution Brown's claims against Corporal Hicks and Detective Samson. By separate order I will direct service on these defendants.

**Brown has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact. Brown is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE