IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD FAY BROWN                                                      PLAINTIFF

        v.                         Civil No. 08-2102

CORPORAL HICKS, Sebastian County
Adult Detention Center; and
DETECTIVE SAMPSON, Fort Smith
Police Department                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Ronald Fay Brown (hereinafter Brown) filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Separate Defendant Detective Sampson has filed a motion to dismiss (Doc. 29) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is before the undersigned for report and recommendation.

### Background

For purposes of discussion, the allegations contained in the complaint will be summarized. Brown alleges that in 2002 he was convicted of three counts of criminal conspiracy to manufacture, possess, and deliver a controlled substance and sentenced to ten years of imprisonment with three years suspended.

While Brown was housed in the Sebastian County Adult Detention Center (SCADC), he indicates he met Corporal Hicks. According to Brown, every time Hicks had an opportunity to do so he violated Brown's rights. Brown maintains Hicks would single Brown out by searching his cell and belongings simply because he could do so.

AO72A
(Rev. 8/82)

When Brown was at the SCADC in 2005 and 2006 on a parole violation, he alleges Hicks told Brown's parole officer, Craig Manus, that he was caught on camera masturbating out in the main hallway. Brown states no incident report was prepared and he was not disciplined or reprimanded. He indicates only Hicks saw this and instead of reporting it to jail personnel he reported it to Manus. Manus allegedly went to review the jail cameras regarding the incident and never returned to talk to Brown about it.

In 2007 when Brown returned to the SCADC from prison, he indicates Hicks immediately placed him in the "hole" upon his arrival. He states he was not given a reason for being placed in the hole, was not being disciplined for any reason he knew, and remained in the hole until his return to prison.

Sometime in 2007, he indicates he went to the SCADC to visit his brother and was initially told by Hicks that he was on his brother's visitation list. After waiting forty-five minutes to an hour, Brown indicates he was told he could not see his brother because he was not on his list.

Now as a result of continued harassment by Hicks and Manus, he alleges he had to register as a sex offender. Brown states he was charged in 1990 with promoting prostitution, case number 1990-655 out of Sebastian County. He maintains this was not a sex offense and the charge occurred prior to the passage of the Sex Offender's Registration Act.

Brown has attached to his complaint a copy of a memorandum to him from Mrs. Dover the records supervisor, Arkansas Department of Correction (ADC), East Arkansas Regional Unit, advising Brown on May 5, 2008, that the case number on the sex charge was 1990-655 out of Sebastian County. Brown registered and underwent assessment by the Sex Offender Screening & Risk Assessment Program (SOSRA) while incarcerated at the ADC.

-2-

After he was released from the ADC, Brown alleges Detective Samson came by his house and ordered him to come to the Fort Smith Police Department and provide information for the Registry. Brown maintains his registration was improper because his 1990 conviction should not be used to require registration under an Act not enforce until 1997.

## Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

-3-

"Several principles guide us in determining whether a complaint meets [the plausibility] standard. First, the court must take the plaintiff's factual allegations as true. This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may property be set aside." *Braden*, 588 F.3d at 594 (citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

## Discussion

Defendant Sampson requests dismissal of the case because Brown's allegations merely establish Sampson was following the requirements of Arkansas law in contacting Brown to provide updated information for the Sex Offender Registry. I agree that Brown's allegations do not "give rise to a plausible suggestion" of how Sampson's actions were "unconstitutional or otherwise unlawful."

Brown has not alleged, nor can he, that Sampson made the decision to subject Brown to registration and assessment under the Sex Offender Registry law. Ark. Code Ann. § 12-12-905 (Supp. 2007). These actions occurred while Brown was incarcerated in the ADC. Instead,

-4-

Sampson merely required Brown to come to the local police department and provide information updated information for the Registry after Brown was released from the ADC and relocated to Fort Smith. In doing so, Sampson was acting in accordance with Arkansas law. Brown has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## Conclusion

I therefore recommend that the motion to dismiss (Doc. 29) be granted and all claims against Separate Defendant Detective Sampson be dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of January 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)