IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD FAY BROWN                                                              PLAINTIFF

      v.                      Civil No. 08-2102

CORPORAL HICKS, Sebastian County
Adult Detention Center; and DETECTIVE
SAMPSON, Fort Smith Police Department                                         DEFENDANTS

## ORDER

Pending before the court are the following motions filed by the plaintiff: (1) a motion for restraining order or no contact order (Doc. 32); (2) a motion to amend the complaint (Doc. 35); (3) a motion to obtain documents (Doc. 37); (4) a motion to amend the complaint (Doc. 39); and (5) a motion to withdraw charges (Doc. 40). I will address each motion in turn.

### *Motion for Restraining or No Contact Order* (Doc. 32)

Plaintiff asks the court to place a restraining or no contact order on Defendant Corporal Hicks. Plaintiff states while incarcerated at the Sebastian County Detention Center (SCDC) Hicks made fun of him, purposely hid plaintiff's parole papers, harassed plaintiff, refused to allow plaintiff's sister to visit him at the jail, sent negative information to the Arkansas Department of Correction, and possibly tampered with his mail.

The motion (Doc. 32) is denied. Plaintiff is no longer incarcerated at the SCDC.

### *Motions to Amend the Complaint* (Doc. 35 and Doc. 39)

Plaintiff seeks to amend his complaint to add as defendants Detective Adam Creek of the Fort Smith Police Department and Parole Officer Brandy Perez of the Department of Community Corrections. He contends each of these individuals filed false reports regarding his place of residence in June of 2009 resulting in his incarceration at the Sebastian County Detention Center.

-1-

The motions to amend (Doc. 35 and Doc. 39) are denied. The claims plaintiff seeks to add arise out of different circumstances than the claims asserted in the original complaint and involve new parties.

### *Motion to Obtain Documents* (Doc. 37)

In this motion plaintiff seeks to obtain copies of his original commitment and judgment order for cases in 1990, 1991, 2003, 2005, and 2007. Plaintiff does not provide the court with sufficient information for it to order the production of these documents. He does not provide the court of conviction, the case numbers, or any other specific information.

The motion (Doc. 37) is denied without prejudice to the plaintiff's right to file another motion requesting these documents. If plaintiff files another motion, he should include specific information about each conviction.

### *Motion to Withdraw Charges* (Doc. 40)

This motion was actually filed by plaintiff's sister, Sherry L. Toliver. She seeks to have failure to register as a sex offender and living in a safe zone charges against her brother dropped.

The motion is denied. First, while a plaintiff has a right to represent himself, he may not be represented by a non-lawyer. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)(non-lawyer has no authority to appear for others); *United States v. Bertolini*, 576 F.2d 1133 (5th Cir. 1978)(no right to be represented by a non-lawyer of his choice); *United States v. Thibodeaux*, 758 F.2d 199, 201 (7th Cir. 1985)(no right to be represented by someone who is not admitted to the bar); *Lawson v. Edwardsburg Public School*, 751 F. Supp. 1257, 1258-59 (W.D. Mich. 1990)("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this court."). Thus, his sister may not file motions on his behalf.

AO72A
(Rev. 8/82)

Second, the charges are pending in state court. Absent extraordinary circumstances the court cannot interfere with a state criminal action.

IT IS SO ORDERED this 28th day of January 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)